# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ANNA COTTRELL, | ) Case No.: |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SANTANDER CONSUMER USA, INC. | ) JURY TRIAL DEMANDED |
|  | ) |
| Defendant. | ) |
|  | ) |

## COMPLAINT

ANNA COTTRELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA, INC. ("DEFENDANT"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Maryland, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

5. Plaintiff is a natural person residing in Middle River, Maryland 21220.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 565 Fifth Avenue, New York, NY 10017 and has a registered agent located at The Corporation Trust Incorporation, 351 West Camden Street, Baltimore, MD 21201.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this number as a cellular telephone number.

11.     Beginning sometime in the spring of 2015, Defendant called Plaintiff on her cellular telephone, on average, two (2) to four (4) times per day.

12.     When contacting Plaintiff on her cellular telephone, Defendant used an automated telephone dialing system and/or a pre-recorded voice.

13.     Plaintiff knew that Defendant was using an automated telephone dialing system and/or a pre-recorded voice  as Defendant's calls would include a pre-recorded message from Defendant.

14.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect on Plaintiff's auto loan she obtained from a car dealership.

15.     In June 2015, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call her cellular telephone number.

16.     However, Defendant ignored Plaintiff's revocation and continued to call her cellular telephone number on average two (2) to four (4) times daily through February 2016.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

PLAINTIFF'S COMPLAINT

19.     Defendant's calls to Plaintiff were not made for emergency purposes.

20.     Defendant's calls to Plaintiff, on and after June 2015, were not made with Plaintiff's prior express consent.

21.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

22.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

23.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANNA COTTRELL, respectfully prays for a judgment as follows:

   a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNA COTTRELL, demands a jury trial in this case.

Respectfully submitted,

DATED: February 25, 2016          By: /s/ Amy Lynn Bennecoff
                                  Amy Lynn Bennecoff
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Telephone: (215) 540-8888
                                  Facsimile (215) 540-8817
                                  Email: abennecoff@creditlaw.com
                                  Attorney for Plaintiff

PLAINTIFF'S COMPLAINT